UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL M.C.,<br><br>  Petitioner,<br><br>  v.<br><br>Warden of the Golden State Annex; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States,<br><br>  Respondents. | No. 1:26-cv-00144-KES-FRS (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 2 |

Before the Court is petitioner Samuel M. C.'s motion for temporary restraining order.[1] Doc. 2. The Court has addressed the legal issues raised by petitioner's motion for temporary restraining order in prior cases. *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

1    The Court ordered respondents to show cause as to whether there are any factual or legal
2 issues in this case that render it distinguishable from the Court's prior orders in *Clene C.D. v.*
3 *Robbins*, *Carmen G.C. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would
4 justify denying the motion. Doc. 6. The Court also ordered respondents to state their position on
5 whether the motion should be converted to a motion for preliminary injunction and whether they
6 request a hearing. *Id.* Respondents state that they reviewed the petition and the cases cited in the
7 Court's minute order, and they "acknowledge that there are no factual or legal issues that render
8 this case materially distinct from the Court's prior orders listed above." Doc. 12 at 2.
9 Respondents have not raised any arguments that the Court has not previously considered, and
10 they did not object to converting the motion and did not request a hearing. *See id.*[2]

11    As respondents have not identified any factual or legal issues in this case that render it
12 distinguishable from the Court's prior decisions in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-
13 KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-
14 CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No.
15 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); and *W.V.S.M. v.*
16 *Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025),
17 and for the reasons stated in those prior orders, petitioner's motion for temporary restraining order
18 is converted to a motion for a preliminary injunction and is GRANTED.

19    Respondents are ORDERED to release petitioner immediately. Respondents are
20 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
21 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
22 petitioner is a flight risk or danger to the community such that his physical custody is legally
23 justified.

24    The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts

---

[2] Although respondents captioned their response as "Motion to Dismiss Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Rule 4; Response to Petition for Writ of Habeas Corpus; Opposition to Preliminary Injunction; Opposition to Temporary Restraining Order; and Response to Rule to Show Cause," in the body of the response respondents do not move to dismiss the petition. *See* Doc. 12.

regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.[3]

IT IS SO ORDERED.

Dated:   January 13, 2026

UNITED STATES DISTRICT JUDGE

---

[3] Respondents request to hold further briefing deadlines in abeyance pending the Ninth Circuit's decision in *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), *appeal docketed* No. 25-6842 (9th Cir. Oct. 29, 2025). As this matter is being referred to the assigned magistrate judge for further proceedings, the magistrate judge may consider respondents' request in determining any further briefing schedule on the petition.

3